1  Daniel E. Thenell, OSB No. 971655
   Email: dan@thenelllawgroup.com
2  Emerson Lenon, OSB 123728
   Email: emerson@thenelllawgroup.com
3  Thenell Law Group, P.C.
   12909 SW 68th Parkway, Suite 290
4  Portland, Oregon 97223
   Telephone: (503) 372-6450
5  *Attorney for Plaintiff*

6

7                    UNITED STATES DISTRICT COURT

8                     FOR THE DISTRICT OF OREGON

9                          EUGENE DIVISION

10

11  CODY LANE, an individual,                    Case No.  6:19-cv-287

12                    Plaintiff,
            vs.                                  **COMPLAINT FOR DAMAGES AND
13                                               INJUNCTIVE RELIEF**

14  MARION COUNTY, a political subdivision of    Violations of 42 U.S.C. § 1983, 14th Amendment
    the state of Oregon, the MARION COUNTY       Due Process, Equal Protection, violations of 1st
15  SHERIFF'S OFFICE, JASON MEYERS,              Amendment Liberty Interest, Freedom of
    individually and in his official capacity as Association, Wrongful Discharge, Intentional
16  Marion County Sheriff, and, CRAIG           Infliction of Emotional Distress, and Defamation
    CUNNINGHAM, individually,
17                                               **DEMAND FOR JURY TRIAL**
                     Defendants.
18

19                              **COMPLAINT**

20        Plaintiff Cody Lane ("Plaintiff"), by and through his attorneys, Thenell Law Group, P.C.,

21  brings this Complaint herein and states and alleges as follows:

22                       **INTRODUCTORY STATEMENT**

23                                    1.

24        This action is filed by Plaintiff under 42 USC § 1983 and it seeks monetary damages and

25  injunctive relief for violations of the Plaintiff's First Amendment liberty and property interests and

26  his freedom of association, the Fourteenth Amendment due process and equal protection and state

    Page 1 - COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF              2018-116

1    law claims by Defendants Marion County, the Marion County Sheriff's Office, Jason Meyers, and

2    Craig Cunningham. Defendants have deprived Plaintiff of due process and equal protection of law

3    by willfully refusing to reinstate Plaintiff following an employment arbitration decision, by

4    refusing to pay him the back pay required, by refusing to take the steps ordered to remove him

5    from the *Brady* list, and by otherwise refusing to "make whole" Plaintiff in accordance with the

6    arbitral decision. By falsely accusing Plaintiff of dishonesty and violations of County policies and

7    by willfully refusing to honor the arbitral decision, Defendants have caused additional harm to the

8    Plaintiff through defamation, the intentional infliction of emotional distress, and wrongful

9    termination. By continuing to label Plaintiff as a *Brady* list officer, Defendants have defamed the

10   reputation and character of Plaintiff. Plaintiff seeks compensatory damages from Defendants with

11   reasonable attorney's fees and costs to redress Defendants' violations of Plaintiff's rights.

12                                              2.

13

14           Plaintiff also seeks mandatory, prospective injunctive relief reinstating him in his patrol

15   position, removing his name from the *Brady* list, as well as any associated labels, so that he may

16

17   testify for the prosecution.

18                                  **JURISDICTION AND VENUE**

19                                              3.

20           Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, federal question jurisdiction,

21   28 U.S.C. § 1343, civil rights jurisdiction, for violations of the Constitution, as actionable under

22   42 U.S.C. § 1983. Specifically, Plaintiff alleges that Defendants have violated and continues to

23   violate his rights to procedural due process and equal protection under the Fourteenth Amendment

24   to the United States Constitution and his liberty and association interests under the First

25   Amendment.

26

Page 2 - COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                    2018-116

4.

Venue is proper under 28 U.S.C. § 1391(b), as Defendants reside in the District of Oregon and Plaintiff's claims for relief arose in this district.

**PARTIES**

5.

Plaintiff is a resident of Marion County, Oregon, and is employed by the Marion County Sheriff's Office ("MSCO"), a department within Marion County.

6.

The MCSO is a public body liable for the tortious conduct of its agents and employees pursuant to ORS 30.265. The MCSO is sued for damages and injunctive relief.

7.

Craig Cunningham is a resident of Marion County and is employed by the Marion County Sheriff's Office.

8.

Jason Meyers ("Defendant Meyers" or "Sheriff Meyers") was the elected Sheriff of Marion County, Oregon in 2010. Defendant Meyers represents MCSO in his capacity as its Sheriff. Defendant Meyers is the final policy maker for MCSO with regard to all matters related to the Plaintiff's employment. Defendant Meyers is sued herein in his official capacity and as an individual.

**FACTUAL BACKGROUND**

9.

Plaintiff was a patrol deputy within the MCSO, with over ten years' experience as a peace officer.

Page 3 - COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, OR  97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

10.

On or about November 24, 2017 Plaintiff was working the graveyard shift between 6:00 pm and 6:00 am. That evening the Plaintiff's girlfriend, Jesa Gilbert ("Gilbert"), was celebrating her birthday with her friends. Gilbert's birthday is November 25.

11.

Plaintiff and Gilbert had texted and called each other during Plaintiff's shift. At approximately midnight Plaintiff stopped at the Red Apple bar, where Gilbert was celebrating with her friends. Plaintiff met Gilbert outside to give her a birthday kiss and wish her happy birthday.

12.

Later, during the early hours of November 25, 2017, Gilbert asked Plaintiff to follow her home due to her malfunctioning headlight. Plaintiff was in the area on patrol and agreed to follow her home, which was not out of his way. Plaintiff intended to spend his lunch break with Gilbert and was not using MCSO resources for private ends.

13.

A witness, Mr. Kevin Ely Jr. ("Ely Jr.") at the Red Apple bar, saw Gilbert leave and saw a sheriff patrol vehicle follow her. Ely Jr. later testified that something did not appear right about the situation. Ely Jr. called his father, a police sergeant with the Keizer police department, and later called Sergeant Knutson at the sheriff's office and filed a report.

14.

Based on the report from Ely Jr., Plaintiff was put under internal investigation and terminated for being untruthful, among other reasons. Specifically, the Sheriff in Plaintiff's Termination Letter stated that the grounds for termination were that Plaintiff "purposefully meant to **deceive or hide** the fact that you were escorting your girlfriend home from a bar." The

Page 4 - COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

2018-116

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, OR  97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

allegations of untruthfulness were sent to the Marion County District Attorney's Office, who decided to place Plaintiff on the *Brady* list.

15.

Plaintiff, through his union, filed a grievance which was arbitrated. The Arbitrator found serious flaws in the investigation, the conduct of Sergeant Cunningham, the lead investigator, and the termination. The Arbitrator issued a finding that the termination was wrongful and ordered Plaintiff reinstated. The Arbitration Decision and Award are attached here as Exhibit 1. The Arbitrator went on to opine that the Plaintiff should be removed from the *Brady* list and ordered the County to take steps to make that happen. Specifically, the Arbitrator ruled that "[Plaintiff] is not a 'Brady Cop.' The MCSO may, if necessary, to have the Grievant removed from the Brady list, provide a copy of this decision and award to the Marion County Prosecutor's office to justify the request by the MCSO. Your Arbitrator is confident that the [Plaintiff], once reinstated, shall continue to serve the MCSO with integrity, honor, honesty, and trustworthiness."

16.

The Arbitrator adjudicated the termination of Plaintiff for various policy violations of the MCSO including untruthfulness. The Arbitrator issued a Decision and Award on January 7, 2019. In his decision the Arbitrator examined at length the interplay between *Brady v. Maryland* and the arbitral decision-making process to reinstate an employee accused of untruthfulness. The Arbitrator pointed out that *Brady* imposes on the prosecution a "duty to learn of"[1] and to disclose to the defense all favorable information. This includes information about the police, notably

---

1 *Kyles v. Whitley*, 514 U.S. 419, 437 (1995)

Page 5 - COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                2018-116

whether any of the officers, involved in the case being prosecuted, have credible allegations of dishonesty. Exhibit 1 at 15.

17.

The Arbitrator further reasoned that "[g]iven *Brady* and established arbitral precedent regarding dishonest employees, of your Arbitrator found the [Plaintiff] to be untruthful, your Arbitrator would be unwilling to reinstate [Plaintiff] as a "Brady Cop." Exhibit 1 at 17. Consistently throughout the internal investigation, grievance process, and arbitration, Plaintiff has maintained that he was truthful.

18.

In evaluating the justification for Plaintiff's termination, the Arbitrator was required to review the investigation into the allegation of untruthfulness. It is significant that the Arbitration decision turned on this factor, which is substantive, and not solely on a procedural shortcoming. The Arbitrator found serious flaws in the investigation, primarily due to the lead investigator, Sgt. Cunningham's investigative synopsis. The Arbitrator identified at least ten significant issues in Sgt. Cunningham's investigation (starting at page 34 of Exhibit 1):

(1)     Sgt. Cunningham concluded Plaintiff was following Gilbert at "less than one vehicle length," a conclusion unsupported by the evidence;

(2)     Sgt. Cunningham concluded that Gilbert was driving visibly slower than the speed limit, this was counter to the direct testimony of a witness;

(3)     Sgt. Cunningham asked questions of a witness in a way that suggested he was more concerned with obtaining exculpatory evidence than discovering the truth;

(4)     Sgt. Cunningham drew conclusions unsupported by the evidence as to the number of drinks one of the witnesses had consumed;

(5)     Sgt. Cunningham concluded that Gilbert was intoxicated despite testimony that directly contradicted this conclusion;

/ / /

Page 6 - COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                2018-116

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

(6)     Sgt. Cunningham misstated a witness's testimony in his synopsis to create the impression that Gilbert was intoxicated, and left critical facts out of the synopsis;

(7)     Sgt. Cunningham stated that a witness testified that **all** the members of Gilbert's party were drinking when in fact that witness testified that she did not see Gilbert drinking at all;

(8)     Sgt. Cunningham included a partial quote in his synopsis that omitted qualifying language;[2]

(9)     Sgt. Cunningham misstated witness testimony to imply that the witness in fact bought rounds of drinks for Gilbert's party, when that witness did not make the statement;

(10)    Sgt. Cunningham used testimony to attempt to establish Gilbert's intoxication that was unsupported by any objective evidence.

19.

The Arbitrator concluded that Sgt. Cunningham's report contained so many misstatements, conclusions unsupported by evidence, and even conclusions that are directly in conflict with the evidence that "all of the investigators [sic] conclusions become questionable." Nearly all the exculpatory evidence was omitted from the report. The Arbitrator was forced to conclude that the investigation and subsequent finding of untruthfulness were substantively flawed and that there was no evidence of untruthfulness whatsoever. The Arbitrator found that Cunningham's report contained many statements which were misleading, misrepresentations, dishonest and untrue. In fact, Cunningham 's conduct during the arbitration hearing was the subject of a complaint. Upon information and belief no internal investigation, or other investigation was started against Cunningham.

2 The Arbitrator took pains to emphasize this point by stating in bold faced text "**The partial quoted statement by Sergeant Cunningham for all practical purposes was a nonfact [sic] and was negligent misrepresentation of what Mr. Olson said. Sergeant Cunningham's failure to include these latter words in his quote of Mr. Olson is a substantial, negligent, and unfair representation of the truth and leaves your Arbitrator wonders what other statements, inferences, or conclusions, in favor of [Plaintiff], were not added to the investigative synopsis.**"

Page 7 - COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF          2018-116

20.

Following the arbitral decision and award Marion County District Attorney failed to remove Plaintiff from the *Brady* list. Counsel for Plaintiff's union asked the Arbitrator to clarify the decision, in an email response the Arbitrator reiterated: "[w]ith the utmost respect for you, the MCSO, and the law enforcement community, once again, the decision and award issued on January 7, 2019, speaks for itself. As per the decision and award, [Plaintiff] is not a "Brady Cop" and was not untruthful. A presumption that [Plaintiff] was untruthful and thus cannot testify is misplaced and is contrary to the decision and award issued on January 7, 2019." Exhibit 2.

21.

The sole justification for inclusion on the list is the untruthfulness of Plaintiff. The Arbitrator found that as a matter of fact and of law that Plaintiff was not untruthful. Despite the Arbitrator's order, Defendant MCSO has not restored Plaintiff to his prior position.

**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**

**Oregon Wrongful Discharge**

(MCSO Defendants)

22.

Plaintiff re-alleges all paragraphs previously alleged.

23.

Following Plaintiff's termination by MCSO the parties engaged in arbitration under Plaintiff's employment contract and collective bargaining agreement. The Arbitrator ruled that MCSO did not have just cause to terminate the Plaintiff and ordered the Plaintiff to be reinstated to the position he held prior to his termination.

2018-116

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, OR 97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

24.

MCSO has refused to reinstate Plaintiff to his prior position in violation of the Arbitration Award. Plaintiff has no other adequate, just, or speedy remedy for this violation other than to seek redress with the court.

25.

Plaintiff seeks injunctive and declaratory relief in the form of an order that he be immediately reinstated in the position he held prior to his termination. Plaintiff also seeks compensatory damages in an amount to be proven at trial for pain and suffering due to mental anguish, humiliation, loss of self-esteem and dignity as well as any other relief the court sees fit to order.

## SECOND CLAIM FOR RELIEF

### Oregon Defamation Per Se

(All Defendants)

26.

Plaintiff re-alleges all paragraphs previously alleged.

27.

Defendants MCSO, Meyers, and Cunningham made defamatory statements in the form of allegations of untruthfulness to others including the Marion County District Attorney's Office. The statements were false and constitute defamation per se under Oregon law. Furthermore, Defendants acted with malice as reflected in the manner of the investigation; Cunningham's report contains many intentional misstatements, partial quotes, and quotes taken out of context all of which have the effect of falsely and maliciously painting Plaintiff as a dishonest law enforcement officer.

Page 9 - COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, OR 97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

28.

Following the Arbitrator's finding that Plaintiff was not a "*Brady* Cop" and was not untruthful, all Defendants refused to issue retractions, apologies, clarifications, and refused to remove Plaintiff from the *Brady* list. This defamation has resulted in harm to the Plaintiff's reputation, standing in the community, and has caused him pain and suffering in the form of mental anguish and humiliation as well as loss of self-esteem and dignity.

29.

Defendants have acted with reckless disregard by willfully publishing untrue statements of Plaintiff's untruthfulness. Following the Arbitrator's ruling the Defendants have acted intentionally despite clear evidence that Plaintiff was no untruthful.

30.

Plaintiff seeks injunctive and declaratory relief in the form of an order that he be immediately removed from the *Brady* list. Plaintiff further seeks an order that the Defendants shall contact all parties in receipt of information regarding his inclusion on the *Brady* list and inform them that he was never to have been included in the first place. Plaintiff also seeks compensatory damages in an amount to be proven at trial for pain and suffering due to mental anguish, humiliation, loss of self-esteem and dignity as well as any other relief the court sees fit to order. Plaintiff also seeks punitive damages against Defendant Cunningham for his intentional and malicious conduct.

/ / /

/ / /

/ / /

/ / /

Page 10 - COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

2018-116

### THIRD CLAIM FOR RELIEF

### Intentional Infliction of Emotional Distress

(All Defendants)

31.

Plaintiff re-alleges all paragraphs previously alleged.

32.

The Defendants' actions to investigate Plaintiff, to terminate his employment, to include Plaintiff on the *Brady* list, to refuse to reinstate him, and to refuse to remove him from the *Brady* list were intended to, or were certain or substantially certain to, result in severe mental and emotional distress.

33.

These acts in fact caused severe mental and emotional distress including mental anguish, loss of self-esteem and dignity.

34.

The acts of investigating and labeling a law enforcement officer as a liar, despite clear evidence and the reasoned finding of an Arbitrator to the contrary, collectively consists of an extraordinary transgression of the bounds of socially tolerable conduct. The application of the label "liar" in an ordinary social context is severely damaging to any private member of the community. To so label, publicly, a law enforcement officer is outrageous in the extreme. Law enforcement officers are expected to perform a highly dangerous and stressful job and are held to high standards of honesty. All of the credible evidence here would indicate that Plaintiff met or exceeded that high standard. The application of the label "liar" and the continued and intentional refusal to remedy the situation has caused severe mental and emotional anguish.

Page 11 - COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, OR  97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

35.

Plaintiff seeks injunctive and declaratory relief in the form of an order that he be immediately removed from the *Brady* list. Plaintiff further seeks an order that the Defendants shall contact all parties in receipt of information regarding his inclusion on the *Brady* list and inform them that he was never to have been included in the first place. Plaintiff also seeks compensatory damages in an amount to be proven at trial for the infliction of severe mental and emotional trauma. Plaintiff further prays for an order awarding punitive damages due to the particularly aggravated disregard of the Plaintiff's rights.

**FOURTH CLAIM FOR RELIEF**

**First Amendment Freedom of Association in his Profession and Liberty**

(All Defendants)

36.

Plaintiff re-alleges all paragraphs previously alleged.

37.

Defendants have refused to reinstate Plaintiff to the position he was in prior to his wrongful termination and have refused to remove him from the *Brady* list. Defendant MCSO has offered Plaintiff a non-peace officer position in the jail and has refused to restore him to the patrol position. The Defendants' actions have deprived Plaintiff of the right to employment and deprivation of his freedom of association.

38.

Defendants refusal to reinstate Plaintiff has also violated his liberty interest as guaranteed by the First Amendment. Plaintiff has exercised his liberty to choose his own profession and Defendants, wrongfully, and without good cause, have deprived Plaintiff of that liberty interest.

Page 12 - COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF          2018-116

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, OR 97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

39.

Plaintiff seeks injunctive and declaratory relief in the form of an order that he be immediately reinstated in the position he held prior to his termination and that he be immediately removed from the *Brady* list. Plaintiff also seeks compensatory damages in an amount to be proven at trial for pain and suffering due to mental anguish, humiliation, loss of self-esteem and dignity as well as any other relief the court sees fit to order.

## FIFTH CLAIM FOR RELIEF

### First Amendment Property Interest

40.

Plaintiff re-alleges all paragraphs previously alleged.

41.

Defendants have refused to reinstate Plaintiff to the position he was in prior to his wrongful termination and have refused to remove him from the *Brady* list. Defendant MCSO has offered Plaintiff a non-peace officer position in the jail and has refused to restore him to the patrol position. The Defendants' actions have deprived Plaintiff of the right to employment and deprivation of his freedom of association.

42.

Plaintiff has a property interest in his continued employment as a patrol officer. The collective bargaining agreement in effect between the Plaintiff and Defendant MCSO created a property interest because it allowed for termination of an employee only for good cause. The Arbitrator found that this provision had been violated by the County when it based its termination decision on the Cunningham investigation and report. By terminating and then refusing to reinstate Plaintiff, Defendants have violated his property interests guaranteed by the First Amendment.

Page 13 - COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

2018-116

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, OR  97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

43.

Plaintiff seeks injunctive and declaratory relief in the form of an order that he be immediately reinstated in the position he held prior to his termination and that he be immediately removed from the *Brady* list. Plaintiff also seeks compensatory damages in an amount to be proven at trial for pain and suffering due to mental anguish, humiliation, loss of self-esteem and dignity as well as any other relief the court sees fit to order.

## SIXTH CLAIM FOR RELIEF

## 42 USC § 1983 – Fourteenth Amendment

Count One: Violation of Plaintiff's Procedural and Substantive Due Process Rights

(All Defendants)

44.

Plaintiff re-alleges all paragraphs previously alleged.

45.

By and through the actions and omissions described above, Defendants deprived Plaintiff of his Fourteenth Amendment rights preventing deprivation of his constitutionally protected rights without due process of law, causing him harm.

46.

Plaintiff has a property interest in his job, as he has a legitimate entitlement to continued employment with his public employer, as well as fair and equal access to overtime and promotional and training opportunities. This claim to entitlement arises out of the Marion County's promises of specific treatment in specific circumstances, including disciplinary action implemented upon existence of just cause, made in County and Department disciplinary policies, the *Brady* best practice policy and the collective bargaining agreement.

Page 14 - COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

2018-116

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, OR  97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

47.

Defendants failed to provide adequate notice and opportunity to be heard regarding his termination and his *Brady* listing. The listing effectively blacklisted Plaintiff and continues to affect him to this day. The investigation against Plaintiff was so flawed that it deprived him of due process.

48.

Defendants then deprived Plaintiff of his constitutionally protected interests without due process of law when they refused to put Plaintiff back to full-time and full-duty work, depriving him of overtime pay (an "economic sanction"), drastically changing work duties and shift assignments, curtailing or eliminating training opportunities, and effectively ending his employability as a police officer and his ability to transfer laterally to a different department, thereby directly impacting his interest in pursuing law enforcement as a profession elsewhere. Defendants continue to deprive Plaintiff of these interests without due process to this day.

49.

As a direct and proximate result of the acts and omissions of Defendants complained of herein, Plaintiff has suffered, and continues to suffer, economic damages including lost overtime work, lost training and promotion opportunities, advancement, and disqualification from testifying in the course of his employment. Such injuries are permanent and continuing, and capable of being determined at trial.

50.

As a further direct and proximate result of the acts and omissions complained of herein, Plaintiff has suffered, and continues to suffer mental pain and suffering, humiliation, worry,

2018-116

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, OR  97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

anxiety, fear, loss of earning capacity, and loss of personal and professional reputation, entitling him to an award of compensatory non-economic damages in an amount to be determined at trial.

51.

Plaintiff seeks injunctive and declaratory relief in the form of an order that he be immediately reinstated in his prior position with full pay and that he be immediately removed from the *Brady* list. Plaintiff also seeks compensatory damages against Defendants including any unpaid back-pay, overtime pay, as well as compensatory damages for pain and suffering including mental anguish, loss of self-esteem, dignity and standing in the community.

52.

Plaintiff has incurred attorney's fees and costs in pursuing this claim.   Plaintiff is entitled to attorney fees, expert witness costs, litigation costs, and prejudgment interest.

Count Two: Violation of Plaintiff's Right to Equal Protection

(All Defendants)

53.

Plaintiff re-alleges all paragraphs previously alleged.

54.

MCSO has a policy prohibiting untruthfulness in the performance of official duties. Plaintiff was investigated and wrongfully punished for an alleged violation of this very policy. The basis for this punishment was the investigation and report completed by Sgt. Cunningham. The Arbitrator found Sgt. Cunningham to have engaged in dishonesty in his investigation and in his report.

///

///

Page 16 - COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

2018-116

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, OR  97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

55.

On information and belief, Sgt. Cunningham has not been investigated or punished for his dishonesty in his investigation of Plaintiff, or for the dishonest statements made in his report. Sgt. Cunningham has not been subject to any employer discipline, nor has he been reported to MCDA for untruthfulness, nor has he been included on the *Brady* list of dishonest law enforcement officers.

56.

The Defendants MCSO and Meyers' actions violated the Equal Protection Clause of the Fourteenth Amendment.

57.

As a further direct and proximate result of the acts and omissions complained of herein, Plaintiff has suffered, and continues to suffer mental pain and suffering, humiliation, worry, anxiety, fear, loss of earning capacity, and loss of personal and professional reputation, entitling him to an award of compensatory non-economic damages in an amount to be determined at trial.

58.

Plaintiff has incurred attorney's fees and costs in pursuing this claim.   Plaintiff is entitled to attorney fees, expert witness costs, litigation costs, and prejudgment interest.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Page 17 - COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF            2018-116

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, OR  97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

1

2

**REQUEST FOR RELIEF**

3

WHEREFORE, Plaintiff requests judgment in favor of Plaintiff and against Defendants, as

4

follows:

5

6
1. On each and every one of Plaintiff's claims against Defendants, for economic damages in

7
   a sum to be determined at the time of trial;

8
2. On each and every one of Plaintiff's claims against Defendants, for non-economic damages

9
   in a sum to be determined at the time of trial;

10
3. A judicial declaration that Defendants' actions violated Plaintiff's constitutional rights, as

11
   alleged above;

12
4. A mandatory injunction ordering Defendants to remove Plaintiff from *Brady* List, taking

13
   such steps as are reasonably necessary to remedy the ongoing economic harm;

14

15
5. A mandatory injunction ordering Defendants to reinstate Plaintiff in his position prior to

16
   termination;

17
6. An award of attorney's fees and costs pursuant to 42 U.S.C. § 1988 and other applicable

18
   law;

19
7. An award of pre-judgment interest on all liquidated amounts awarded;

20
8. An award of post-judgment interest from the date of judgment to the date of payment of

21
   that judgment amount;

22

23
9. A post-trial award of an amount sufficient to offset any adverse tax consequences resulting

24
   from payment of the judgment;

25
10. Punitive damages for the aggravated defamation and intentional infliction of emotional

26
    distress; and

Page 18 - COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF          2018-116

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, OR  97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

11. Any other legal or equitable relief this court deems just and proper.

DATED this 26th  day of February 2019.

THENELL LAW GROUP, P.C.


By:    */s/ Daniel E. Thenell*
Daniel E. Thenell, OSB No. 971655
E-mail:  dan@thenelllawgroup.com
Emerson Lenon, OSB 123728
Email: emerson@thenelllawgroup.com
Telephone: (503) 372-6450
*Of Attorneys for Plaintiff*

Page 19 - COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

2018-116